QUEEN CITY OIL CO., Respondent, *v.* TOOLE COUNTY, Appellant.

(No. 6,514.)

(Submitted November 14, 1929.   Decided January 14, 1930.)

[283 Pac. 771.]

*Mr. R. L. Clinton* and *Mr. W. R. Knaack,* for Appellant, submitted an original and a reply brief; *Mr. Clinton* argued the cause orally.

402

Mr. *Louis P. Donovan,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE WILLIAM L. FORD, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

This action was instituted by Queen City Oil Company, as plaintiff, to recover from Toole county a portion of the net proceeds tax assessed to plaintiff in the year 1926, on account of oil produced during the year 1925. The cause was submitted to the trial court upon an agreed statement of facts, wherein it is disclosed that on July 6, 1921, the United States government issued an oil and gas prospecting permit to John N. Moore, covering 1,743.99 acres of land in Toole county, and on December 29, 1921, John N. Moore entered into an operating agreement with one Arby Beardslee covering all of said land. On January 8, 1923, Beardslee entered into an operating agreement with the plaintiff covering 1,079.77 acres of the land, by the terms of which it was agreed:

"That he will and does hereby employ and engage the company, its successors and assigns, to prospect upon, develop and operate the hereinafter described lands for oil and gas, giving and granting hereby unto the company the exclusive rights to enter upon said lands or any part thereof for the purpose of extracting, removing and marketing oil and gas and their products. The company covenants and agrees to pay, set over and deliver to the party of the first part seven and one-half (7½) per cent of all oil and gas produced and saved from the above described premises and in addition thereto to set over and deliver to the permittee seven and one-half (7½) per cent of all oil and gas produced and saved from the preferential acreage embraced in the above described premises, that is, the acreage upon which the royalties to be paid to the United States government are not in excess of five per cent. * * * The company covenants and agrees to pay, set over and deliver to the United States the whole

amount of rents and royalties in oil and gas which may be reserved by or required to be paid to the United States under the terms of said permit, or such leases or any extensions or renewals thereof, in so far as the lands above described may be affected, and all other oil and gas produced from said premises shall be the sole property of the company.''

A lease was issued by the United States government to Moore July 1, 1924. The granting clause of the lease is as follows: ''The lessor does hereby grant and lease to the lessee the exclusive right and privilege to drill for, mine, extract, remove and dispose of all the oil and gas deposits in and under the following described tract of land:''

The plaintiff operated the premises during the calendar year 1925 under and pursuant to the operating agreement between it and Beardslee, for oil and gas, and the gross value of all products therefrom during the year ending December 31, 1925, was $367,230.58, of which gross yield and value the plaintiff retained for its own use and benefit eighty per cent pursuant to said agreements hereinbefore mentioned; and the money expended for necessary labor, machinery and supplies needed and used in the mining operations and development by plaintiff in the extraction of said oil, was $184,567.37. The plaintiff was assessed with the gross value of the products above, less the expense for labor, machinery and supplies, and the tax computed on such valuation, and plaintiff paid one-half (the first installment) of the tax levied on the assessed valuation of twenty per cent of the gross valuation of the products obtained, under protest, and brought this action for the recovery of the same.

The court entered judgment for the amount of such tax paid under protest, but refused to allow interest thereon. Defendant appealed from the judgment, and the plaintiff, on its part, assigns as error the failure of the court to allow interest on the amount of the tax recovered.

The questions involved in this case are the same as those in the case of *Fulton Oil Co.* v. *Toole County,* ante, p. 367, 283

Pac. 769; and, upon the authority of that case, the judgment herein is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Ford and Angstman concur.