[File No. 6316.]

STATE OF NORTH DAKOTA EX REL. ROBERT BYRNE, as Secretary of State, Plaintiff, v. BERTA E. BAKER, as State Auditor, Defendant.

(262 N. W. 183.)

Opinion filed August 16, 1935.  Nunc pro tunc as of October 19, 1934.

P. O. Sathre, Attorney General, and Charles A. Verret, Asst. Attorney General, for plaintiff.

Berta E. Baker, State Auditor, pro se., defendant.

PER CURIAM.  This is a mandamus proceeding instituted by the state on relation of the secretary of state to compel the state auditor to issue warrants in payment of the bills approved and audited by the State Auditing Board for the expenses incident to the publication and mailing of the publicity pamphlet issued incident to the general election to be held November 6, 1934.  The facts are undisputed, and the case presents for determination solely questions of law.

The constitution of the state provides for the initiative and referendum.  The initiative is applied both to constitutional amendments and statutory enactments.  The referendum applies to legislative enactments.  N. D. Const. § 25, as amended; Laws 1919, p. 503.

The constitution provides:

"All measures submitted to the electors shall be published by the state as follows: 'The secretary of state shall cause to be printed and mailed to each elector a publicity pamphlet, containing a copy of each measure together with its ballot title to be submitted at any election. Any citizen, or the officers of any organization may submit to the secretary of state, for publication in such pamphlet, arguments concerning any measure therein upon first subscribing their names and addresses thereto and paying the fee therefor, which, until otherwise fixed by the legislature, shall be the sum of two hundred dollars per page.'

. . .

"This section shall be self-executing and all of its provisions shall be treated as mandatory. Laws may be enacted to facilitate its operation, but no law shall be enacted to hamper, restrict or impair the exercise of the rights herein reserved to the people."

At the general election in November, 1934, there will appear upon the ballot for submission to the people under the provisions of the constitution certain initiated and referred measures.

It will be noted that under the provisions of the constitution it is the duty of the secretary of state to publish such measures in the publicity pamphlet and to mail the same to the electors of the state. It appears that in the general appropriation bill enacted by the legislative assembly at its regular session in 1933 there was appropriated for the fiscal period of two years beginning July 1, 1933, and ending June 30, 1935, the sum of $11,000 for the cost of printing and mailing the publicity pamphlet. Two state-wide elections were held before the general election of 1934 at which initiated or referred measures were submitted and the cost of printing and mailing the publicity pamphlet at such two elections aggregated $10,451.69, leaving an unexpended balance of the 1933 appropriation for the purpose of printing and mailing the publicity pamphlet of only $503.49. The total cost of publishing and distributing the publicity pamphlet incident to the general election of 1934 aggregates approximately $3,500, or some $3,000 in excess of the unexpended appropriation.

It is the position of the state auditor that she is without authority to draw warrants in excess of the amount of the appropriation. It is the position of the relator that the printing and distribution of the publicity pamphlet is a duty enjoined upon him by the constitution; that the constitution, by its express terms, is self-executing and that consequently it follows that the expenditures necessary to carry the constitutional mandate into effect are authorized by law even though no specific legislative appropriation has been made for the purpose.

In our opinion the contention of the relator must be sustained. The provisions of the constitution involved here are mandatory. North Dakota Constitution, §§ 21, 25. The constitutional provision quoted above enjoins upon the secretary of state a specific duty. The provision by its terms is made self-executing and, hence, given the force and effect of a positive, active rule of action. The provision further

restricts legislative power; it gives to the lawmakers only power to enact laws to facilitate the operation of the constitutional provision, and specifically deprives them of power to enact any law "to hamper, restrict or impair the exercise of the rights" reserved to the people in the provision. Hence, if the legislative assembly had enacted any legislation which would have interfered with the performance by the secretary of state of the duty enjoined upon him by the constitutional provision, such legislative enactment would have been a mere nullity. It is apparent that the secretary of state cannot perform the duty enjoined upon him by the provisions of the constitution without incurring the expense incident to the publication and mailing of the publicity pamphlet. If the legislative assembly could prevent the secretary of state from performing this duty by failing or refusing to appropriate funds for the prescribed constitutional purpose, it could, in effect, nullify the constitutional mandate. We are of the opinion that it was the intention of the people as evidenced by this constitutional provision that the secretary of state should perform all the functions prescribed, without legislative interference, and that the cost incident to the publication and distribution of the publicity pamphlet is a proper expenditure to be defrayed out of the state treasury, upon bills audited by the state auditing board, even though the legislative assembly has made no specific appropriation for the purpose.

Upon the oral argument the state auditor stated, in open court, that it was her desire to perform her duty as prescribed by law; and that if this court determined that it was her duty to draw warrants in payment of the bills audited and allowed for the printing and mailing of the publicity pamphlet, she would comply with such determination. This being so, no formal writ will issue. No costs will be awarded to either party.

BURKE, Ch. J., and CHRISTIANSON, BURR and NUESSLE, JJ., concur.