[File No. 6656.]

ELMER KING, Mrs. Anna King, Max Mayer, and Peter Kelsch, Respondents, v. BERTA BAKER, State Auditor, and John Omland, State Treasurer, Appellants.

(299 NW 247)

Opinion filed July 14, 1941

*Alvin C. Strutz,* Attorney General, and *P. O. Sathre,* Assistant Attorney General, for appellants.

*Murray & Murray,* for respondents.

NUESSLE, J. Plaintiffs and petitioners, judgment creditors of the state of North Dakota, brought this proceeding in mandamus to compel the defendant, Berta Baker, as state auditor, to draw her warrants on the State Treasurer for the amounts of their several judgments, and the State Treasurer to pay the said warrants upon due presentation thereof.

Plaintiffs, in their petition for the writ, alleged that they had recovered their several judgments against the state of North Dakota and the State Highway Commission and Commissioner; that said judgments were awarded for damages caused to their property by the State Highway Department, the State Highway Commissioner and the state of North Dakota in the construction of public highways; that certified copies of such judgments had been presented to and filed with the defendant, state auditor, and that she had been requested to draw her warrants upon the State Treasurer for the amounts of such judgments, with interest, and deliver the same to the plaintiffs; that she had failed and refused to comply with their requests; that there were funds in the state treasury against which such warrants legally could be drawn.

Upon this showing the district court issued its alternative writ directed to the defendants, requiring them to comply with the prayers of the petitioners or to show cause why they should not do so. Thereupon the defendants made their return setting out that there were no funds in the treasury available for the payment of such judgments since the Legislature had made no appropriations therefor as required by § 186 of the Constitution, as amended; that the judgments had not been presented to and audited and allowed by the state auditing board; that such judgments were not final adjudications in that the actions in which the judgments in favor of the plaintiffs Mayer and Kelsch had been awarded were then pending on appeal in this court, and that the judgment in favor of the plaintiffs King was not final in that the Highway Commissioner had initiated an action to have the same set aside because fraudulently obtained, and that such action was then pending. The trial court after hearing the case on the issues as thus made, or-

dered judgment in favor of the plaintiffs, and judgment was entered accordingly. Whereupon the defendants perfected the instant appeal.

There is no dispute as to the facts. The judgments in question were awarded for damages incurred by the plaintiffs through the construction of public highways by the state of North Dakota over and across their property. Though appeals to this court were perfected in the cases of Mayer and Kelsch, such appeals have since been dismissed on motion of the appellants in those cases. In the King case an action was instituted in the district court of Burleigh county to set aside their judgment. This was tried and judgment was entered setting the King judgment aside. The case was thereupon appealed to this court and the judgment of the district court was reversed and the action dismissed. See Lamb v. King, 70 ND 469, 296 NW 185.

The judgments which the plaintiffs in the instant case seek to have paid were entered in 1938. The 1939 session of the legislative assembly made no specific appropriations to pay such judgments. As the case now stands, and the defendants so concede, practically the only question for determination is as to whether, no specific appropriations having been made by the Legislature for the payment of the judgments, the provisions of § 186 of the Constitution of North Dakota, as amended (Article 53 of Amendments to the Constitution, page 497, Session Laws 1939) forbid their payment. Section 186, so far as is pertinent here, reads as follows: "All public moneys, from whatever source derived, shall be paid over monthly by the public official, employee, agent, director, manager, board, bureau, or institution of the state receiving the same, to the State Treasurer, and deposited by him to the credit of the state, and shall be paid out and disbursed only pursuant to appropriation first made by the Legislature; provided, however, that there is hereby appropriated the necessary funds required in the financial transactions of the Bank of North Dakota, and required for the payment of losses, duly approved, payable from the State Hail Insurance Fund, State Bonding Fund, and State Fire and Tornado Fund, and required for the payment of compensation to injured employees or death claims, duly approved, payable from the Workmen's Compensation Fund, and required for authorized investments made by the Board of University and School Lands, and required for the finan-

cial operations of the State Mill and Elevator Association, and required for the payment of interest and principal of bonds and other fixed obligations of the State, and required for payments required by law to be paid to beneficiaries of the Teachers' Insurance and Retirement Fund, and required for refunds made under the provisions of the Retail Sales Tax Act, and the State Income Tax Law, and the State Gasoline Tax Law, and the Estate and Succession Tax Law, and the income of any State institution derived from permanent trust funds, and the funds allocated under the law to the State Highway Department and the various counties for the construction, reconstruction and maintenance of public roads." And the defendants insist that accordingly the plaintiffs' judgments cannot be paid until specific appropriations therefor have been made by the legislature.

The judgments here in question were taken pursuant to the provisions of § 14 of the Constitution of the state of North Dakota. See Mayer v. Studer & M. Co. 66 ND 190, 262 NW 925; Jacobson v. State, 68 ND 259, 278 NW 652; King v. Stark County, 67 ND 260, 271 NW 771. Section 14 provides: "Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for the owner. . . ."

Plaintiffs advance two contentions in support of their claim for the relief which they seek. Their first contention is that § 14 of the Constitution is self-executing; that they have established their right to recover for damage done to their property by the state and reduced their claims therefor to judgment pursuant to its provisions; and that in such case the provisions of § 186, on which defendants rely has no application. In that behalf, plaintiffs urge that if this were not so the Legislature could defeat the rights thus guaranteed by § 14 by a mere refusal to make appropriations to pay valid claims predicated thereon. It is unnecessary for us to pass upon the question thus raised for the reason that the second point made by the plaintiffs is determinative of the appeal.

Plaintiffs' second contention is that, in any event, the prohibition contained in § 186 of the Constitution, supra, can have no application in the instant case for the reason that their claims are for damages arising by reason of the construction, reconstruction, and maintenance of

public roads, and that section expressly appropriates moneys for the payment of such claims, therefore, no legislative appropriation is necessary.

It is conceded that at all times since the initiation of the instant proceeding there have been and now are in the state treasury funds resulting from motor vehicle and gasoline fees, licenses, and taxes in an amount more than sufficient to pay the judgments here in question. Such funds have been devoted to highway purposes by legislative enactment. See chapter 166, Session Laws 1937, as amended by chapter 169, Session Laws 1939, providing: "The proceeds, after deduction of costs of administration and collection authorized by legislative appropriation only, from State motor vehicle registration fees, licenses, gasoline taxes, and other special taxes on motor vehicle owners and operators, except drivers' license fees, shall be applied only to construction, improvement, and maintenance of highways and administration expenses in connection therewith, including the retirement of bonds for the payment of which such revenues have been pledged, and for no other purpose." And by constitutional mandate. See Article 56 of Amendments to the Constitution of the state of North Dakota (Session Laws 1941, p. 589), providing: "Revenue from gasoline and other motor fuel excise and license taxation, motor vehicle registration and license taxes, after deduction of cost of administration and collection authorized by legislative appropriation only, and statutory refunds, shall be appropriated and used solely for construction, reconstruction, repair and maintenance of public highways, and the payment of obligations incurred in the construction, reconstruction, repair and maintenance of public highways."

Section 8177, 1913 Comp. Laws, provides: ". . . whenever a final judgment against the state shall have been obtained in any action the clerk shall make and furnish to the state auditor a duly certified copy of such judgment and the auditor shall in due course draw his warrant upon the state treasurer for such amount and deliver the same to the person entitled thereto."

And pursuant to chapter 261, Session Laws 1931, it is the duty of the state auditor, "To draw warrants on the State Treasurer for the payment of money directed by law, to be paid out of the treasury;

. . . but no warrant shall be drawn unless authorized by law, nor unless there are funds in the treasury applicable to the payment thereof to meet the same. . . . Every warrant must be drawn upon the fund out of which it is payable and specify for what it is drawn and when the liability accrued."

Thus it appears that the judgments here in question are predicated on claims for damages, the right to which is safeguarded by § 14 of the Constitution, supra. Such damages were done by the state in the construction, reconstruction or repair of public highways. These judgments are final and the validity of the claims on which they are based is thereby conclusively established. Certified copies of such judgments have been made and furnished to the state auditor. There is money in the treasury, earmarked by statute and by the Constitution itself, for the payment of such claims. Section 186 of the Constitution warrants such payment rather than forbids it. Under the circumstances, and pursuant to the statute, it is the clear duty of the auditor to draw her warrants for the amounts of such judgments and deliver the same to the persons entitled thereto.

In its original form, § 186 provided that "no money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer. . . ." Were this the reading of the section now there would be more merit to the defendants' contention. But, as this section now stands, after providing that no money shall be paid out of the state treasury except on appropriation first made by the Legislature, it contains a proviso excepting from this requirement a variety of payments and appropriating therefor. Among these exceptions are, "the funds allocated under the law to the State Highway Department . . . for the construction, reconstruction, and maintenance of public roads." The statute, chapter 169, Session Laws 1939, supra, and Article 56 of Amendments to the Constitution, supra, freeze the net proceeds from motor vehicle and gasoline fees, licenses, and taxes, into a fund to be used for "construction, reconstruction, repair, and maintenance of public highways and the payment of obligations incurred in the construction, reconstruction, repair, and maintenance of public highways." They allocate but they do not appropriate. But § 186 does appropriate, and thus it is not necessary

that specific appropriations be made by the Legislature to cover every obligation incurred by the highway department. And there is at least as much practical reason for this constitutional appropriation as there is in the other cases excepted by the proviso in § 186. For, under § 14 of the Constitution, supra, private property cannot be taken or damaged for public use without just compensation having first been made to or paid into court for the owner. The highway department presumes to say when, where, and how, state highways and roads shall be built. But it cannot defeat the purpose or frustrate the guaranties of § 14. Were the defendants' contention sustainable, the construction and maintenance of public roads frequently would be delayed greatly if it were necessary that there be specific appropriations made and paid in the cases where private property is taken or damaged.

The judgment is affirmed.

BURR, Ch. J., and BURKE, MORRIS, and CHRISTIANSON, JJ., concur.