[File No. 6744]

FORD MOTOR COMPANY, a Corporation, Appellant, v. BERTA
E. BAKER, as State Auditor of the State of North Dakota, Respondent.

(300 NW 435)

Opinion filed October 22, 1941

*Cox & Cox,* for appellant.

*Alvin C. Strutz,* Attorney General, and *William R. Pearce,* Assistant Attorney General, for respondent.

BERRY, Dist. J. This is an appeal from an order and judgment of the district court of Burleigh county in a mandamus proceeding in which the plaintiff seeks to require the defendant State Auditor to issue a warrant upon the General Fund of the state of North Dakota, for the payment of a final judgment against the state of North Dakota in the sum of $55,580.48. The judgment is based upon an illegal and excessive payment of income taxes paid by the plaintiff under protest in 1923 to avoid the penalties attached to a forcible collection of said taxes by the then State Tax Commissioner.

Different phases of this controversy have claimed our attention on two former occasions. See Ford Motor Co. v. State, 59 ND 792, 231 NW 883, and 65 ND 316, 258 NW 596, for a history of the case.

There is no question about the validity of the claim. Indeed, there could be none for that question has been conclusively determined by the former decision of this court. Ford Motor Co. v. State, 65 ND 316, 258 NW 596.

The principal question presented for determination is whether the Legislative Assembly must make a specific appropriation for payment of the judgment. The defendant contends that under the provisions of § 186 of the State Constitution a specific appropriation is required. The plaintiff, on the other hand, contends that under the provisions of said § 186 of the Constitution, as amended, no specific appropriation is required; that the amendment to said § 186 of the Constitution as approved at the general election in November, 1938, made an appro-

300

priation for the payment of all legal claims for refunds under the State Income Tax law.

In its original form, said § 186 read as follows: "No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or other political subdivision, shall be audited, allowed or paid until a full itemized statement in writing shall be filed with the officer or officers, whose duty it may be to audit the same."

At the general election in November 1938, a proposed amendment to said § 186 of the State Constitution was approved; and since July 1, 1939, said § 186, so far as pertinent here, has read as follows: "All public moneys, from whatever source derived, shall be paid monthly by the public official, employee, agent, director, manager, board, bureau, or institution of the State receiving the same, to the State Treasurer, and deposited by him to the credit of the State, and shall be paid out and disbursed only pursuant to appropriation first made by the Legislature; provided, however, that there is hereby appropriated the necessary funds required in the financial transactions of the Bank of North Dakota, and required for the payment of losses, duly approved, payable from the State Hail Insurance Fund, State Bonding Fund, and State Fire and Tornado Fund, and required for the payment of compensation to injured employees or death claims, duly approved, payable from the Workmen's Compensation Fund, and required for authorized investments made by the Board of University and School Lands, and required for the financial operations of the State Mill and Elevator Association, and required for the payment of interest and principal of bonds and other fixed obligations of the State, and required for payments required by law to be paid to beneficiaries of the Teachers' Insurance and Retirement Fund, and required for refunds made under the provisions of the Retail Sales Tax Act, and the State Income Tax Law, and the State Gasoline Tax Law, and the Estate and Succession Tax Law, and the income of any State institution derived from permanent trust funds, and the funds allocated under the law to the State Highway Department and the various counties for the construction, reconstruction, and maintenance of public roads."

The meaning and effect of the appropriation provisions of said § 186, as amended, were drawn in question shortly after the amendment had been approved by the people at the genral election in 1938. Langer v. State, 69 ND 129, 284 NW 238. Then it was contended "that the State Hail Insurance Fund, the State Bonding Fund, the State Fire and Tornado Fund, and the Workmen's Compensation Fund were not subject to the provisions of § 186 of the Constitution, as amended, and that no appropriation would be needed to carry on those activities" (69 ND 163, 284 NW 256); and that, hence, "no duty existed under the State Budget Law to submit reports" for these funds. 69 ND 162, 284 NW 255. The contentions thus advanced were held to be without merit. The court pointed out that the appropriations from these funds made in said § 186 were "limited to certain definite purposes;" that there was "no general appropriation from any of the funds;" that there was "no appropriation, for instance, for administrative purposes" (69 ND 163, 284 NW 255); that legislative appropriations were necessary in the carrying on of the activities of the funds in question, and that consequently it was the duty of the heads of these funds to file the statements prescribed by the State Budget Law.

In the decision in that case, this court pointed out the binding effect of the appropriations made in the constitutional amendment, as well as the limitations thereof. This court said:

"It is an established rule that constitutional provisions are to be construed as mandatory, unless a different intention is manifested. 12 CJ p 740; 6 RCL p 55. In this state this rule has been embodied in the Constitution in the following express terms: 'The provisions of this Constitution are mandatory and prohibitory unless, by express words, they are declared to be otherwise.' ND Const. § 21.

"There is nothing in § 186 of the Constitution, as amended, or in any other provision in the Constitution, to indicate any intention that the above quoted provisions of said § 186 should not be given the full meaning which they convey. Manifestly, there could be no intention to appropriate moneys to which the section did not apply.

"Attention is called to the general rule that 'constitutional provisions are not to be construed as themselves making appropriations unless they are so clearly intended.' 59 CJ p 237. It is true, it is rather unusual

to make appropriations in a constitutional provision. Ordinarily, appropriation is a matter for the legislature. But, if the people determine to make an appropriation in a constitutional provision, and manifest that determination by what is said in the provision, that is an end of the matter.

" 'Self-executing provisions of the Constitution specifically appropriating particular funds or sums for designated purposes exempt the matters therein dealt with from the necessity of legislative appropriation established by other provisions of the Constitution, and the constitutional provisions are themselves a sufficient appropriation for the purposes and to the extent comprised within their terms; and no legislation may be enacted such as will impair the operation of a constitutional appropriation.' 59 CJ pp 237, 238.

"The language used in § 186 of the Constitution, as amended, clearly manifests an intention to 'appropriate the necessary funds' required for payment of duly approved claims, of the character stated in the Amendment against the State Hail Insurance Fund, the State Bonding Fund, the State Fire and Tornado Fund, and the Workmen's Compensation Fund. But, the appropriation is expressly limited to, and disbursement thereunder may be made only for, the purposes stated." 69 ND at pp 160, 161, 284 NW at pp 254, 255.

In King v. Baker, ante, 125, 299 NW 247, this court had occasion to consider the effect of the appropriation provisions of § 186 of the Constitution, as amended, in relation to obligations incurred by the State Highway Department, and it was held that the appropriation made in said § 186 of the Constitution was sufficient to provide, and did provide, for the payment of a judgment against the state and the State Highway Commissioner for damages that had resulted to a landowner by reason of the construction of a public highway over his property, and that it was the duty of the State Auditor to draw a warrant for the payment of such judgment under the provisions of § 8177, Comp Laws 1913, and chapter 261, Laws 1931.

The rule announced in King v. Baker, supra, is applicable, and indeed is controlling, in this case. So far as pertinent here, § 186 of the Constitution, as amended, provides: "There is hereby appropriated the necessary funds . . . required for refunds under the provisions of

. . . the State Income Tax Law." This language is certain and positive. The meaning is plain. It does not say, "there shall be appropriated;" it says, "there *is hereby* appropriated." Nothing is left for legislative action. The appropriation of the necessary funds required for refunds of payments that have been made under the State Income Tax law is made "hereby," that is by the constitutional provision itself.

It is argued that, in any event, the appropriation made in § 186 of the Constitution, as amended, was not intended to apply, and does not apply, to claims for refunds that are based upon payments that were made before the amendment became effective. This argument ignores both the language and the apparent purpose of the appropriation provisions of the amendment. The amendment required that after July 1st, 1939, "all public moneys, from whatever source derived" must be paid over by "the public official, employee, agent, director, manager, board, bureau, or institution of the state receiving the same to the State Treasurer;" the State Treasurer must deposit the same "to credit of the state;" and the moneys so received and deposited can "be paid out and disbursed only pursuant to appropriation first made by the Legislature." ND Const. § 186, as amended. The constitutional amendment made only "two exceptions to the general rule thus stated:— (1) fees collected in connection with certain professions, trades and vocations enumerated in the constitutional provision, and specifically excepted from its operation; and (2) funds for certain specified purposes 'appropriated' in the constitutional amendment." Langer v. State, 69 ND at p 147, 284 NW pp 248, 249.

The appropriations in the constitutional amendment were not made to initiate some new activity; they were made to carry on activities that were in operation when the amendment was proposed and approved, and had been in operation for years prior thereto. Naturally, claims for losses against the several insurance funds would come into being from time to time,—so would claims for refunds under the several taxation measures. After July 1st, 1939, moneys belonging to the several insurance funds could be paid out and disbursed only pursuant to appropriation. The constitutional amendment appropriated the necessary funds required for the payment of duly approved claims for losses against such funds. It, also, appropriated the necessary funds required for the

payment of refunds to be made under the several taxation measures mentioned in the constitutional amendment. The language of the appropriation provision is the same as to each of the several funds and purposes for which appropriation is made. As to each of them it says: "There is hereby appropriated the necessary funds· required." If the appropriation for the payment of refunds under the State Income Tax Law was intended to apply only to claims for refunds based upon tax payments made subsequent to June 30th, 1939, then the appropriation for payment of losses against the several insurance funds must, also, have been intended to apply only to losses arising subsequent to June 30th, 1939. The latter construction would result in inconvenience,· hardship and injustice to all persons that had valid claims for losses that had arisen prior to July 1st, 1939, but had not been paid prior to that date. Such construction, also, is contrary to the one adopted in King v. Baker, ante, 125, 299 NW 247, supra. The judgments involved there were rendered in 1938, and were based upon causes of action that arose in 1935.

The language of the appropriation provision of said § 186 of the Constitution, as amended, is plain and emphatic. It evidences an intention to appropriate "the necessary funds required" for the payment of all valid and legal claims of the character stated in the provision and presented for payment in accordance with law, without regard to whether the claims arose before or after July 1st, 1939.

In view of the conclusion we have reached on the main question, there arises the further question as to the amount due on the judgment. The plaintiff asks that the State Auditor be commanded to issue a warrant for the principal of the judgment, and interest thereon from the date of its rendition.

The plaintiff is not entitled to be paid interest on the judgment. In the decision pursuant to which the judgment in question here was rendered (Ford Motor Co. v. State, 65 ND 316, 339, 258 NW 596, 606), this court said: ·

"It is well settled, 'both on principle and authority, that a state cannot be held to the payment of interest on its debts unless bound by act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority.' 15 RCL p 17.

United States v. North Carolina, 136 US 211, 34 L ed 336, 10 S Ct 920; note in Ann Cas 1914A 361; United States v. Sherman, 98 US 565, 25 L ed 235; United States v. Verdier, 164 US 213, 41 L ed 407, 17 S Ct 42; Schlesinger v. State, 195 Wis 366, 218 NW 440, 57 ALR 352.

"This principle is applicable to claims for the refund of taxes and actions for the recovery of taxes erroneously paid, or illegally imposed and collected. Schlesinger v. State, 195 Wis 366, 218 NW 440, 57 ALR 352, supra; Queen City Oil Co. v. Toole County, 86 Mont 401, 283 P 771; Jackson County v. Kaul, 77 Kan 715, 96 P 45, 17 LRA(NS) 552; Birch v.. Orange County, 191 Cal 235, 215 P 903.

"We are aware of no statutory provision in this state that either directly or by necessary implication provides for the payment of interest by the state upon the claims involved in this case."

The claim of the plaintiff is one for refund of a payment under the State Income Tax law, which was illegally imposed upon and collected from the plaintiff. The validity and correctness of the claim has been conclusively established by final judgment of a court of competent jurisdiction. King v. Baker, ante, 125, 299 NW 247, 249. Such judgment may not be enforced by execution, but it becomes the duty of the State Auditor upon the presentation of a duly certified copy thereof, "in due course" to "draw his warrant upon the State Treasurer" for the amount of the judgment "and deliver the same to the person entitled thereto." Comp. Laws 1913, § 8177. The judgment in effect became, and is, a claim that has been definitely and conclusively audited. The nature of the obligation has not been substantially affected. Where, as here, the claim is one for a refund of a payment that has been illegally exacted under the State Income Tax Law, the claim, as evidenced by the judgment, is payable as other legal and valid claims for such refund out of moneys appropriated for the payment of such claims. In other words, the claim evidenced by the judgment is subject to the appropriation provisions of § 186 of the Constitution, as amended; and there being no legal enactment which either directly or by necessary implication imposes a liability for interest upon the state, or which evidences any consent on the part of the state to pay interest on claims for refund of tax payments illegally imposed and collected, no interest can be al-

lowed upon the claim, either before or after it was reduced to judgment.

This determines the only questions that were presented by the argument and that fairly arise upon the record. Accordingly, the judgment appealed from is reversed and the proceeding is remanded to the district court for further proceedings conformable to law.

BURR, Ch. J., and NUESSLE, BURKE, and CHRISTIANSON, JJ., concur.

MORRIS, J., being disqualified, did not participate, Hon. H. L. BERRY, Judge of Sixth Judicial District, sitting in his stead.