[File No. 6740]

STATE OF NORTH DAKOTA, Appellant, v. GRAND FORKS COUNTY, a Quasi Municipal Corporation, Respondent.

(300 NW 827)

Opinion filed November 22, 1941.  Rehearing denied December 4, 1941

*Alvin C. Strutz,* Attorney General, and *C. E. Brace* and *P. O. Sathre,* Assistant Attorneys General, for appellant.

*Milton Moskau,* State's Attorney, and *W. B. Arnold* and *Dan Letnes,* Assistant State's Attorney, for respondent.

Burke, J. The complaint in this case sets forth two causes of action. For its first cause of action the plaintiff state alleged that the officers of the defendant county, in March 1933, had collected $18,711.07 of general taxes due to the state and had failed, after proper demand to remit to the State Treasurer the full amount thereof. For its second

cause of action the plaintiff alleged that the officers of the defendant had collected school land rentals belonging to the state in the sum of $705, and had failed to pay to the State Treasurer the full amount of such rentals. Judgment was demanded for an unpaid balance upon each cause of action. In its answer to both causes of action, the defendant county admitted the collection, by the county treasurer, of the sums set forth in plaintiff's complaint, alleging that the collections had been made during the month of February and the first three days of March, 1933, and that the proceeds thereof had been deposited in the First National Bank of Grand Forks, a duly designated and bonded depositary for public funds. The defendant alleged further that such depositary bank had been closed by the Executive Order of the President of the United States on March 4, 1933, and thereafter had gone into receivership without reopening for business; that as a result of the closing of the depositary bank, the amount of such collections, which still remained unpaid, had become "unavailable" and, under the provisions of § 2183, Comp Laws 1913, the liability of the county therefor had ended. Defendant also alleged that the county treasurer had made such collections as the agent of the state and demanded judgment for the dismissal of the action. Plaintiff demurred to defendant's answer. The trial court overruled the demurrer and this appeal is from the order overruling the demurrer.

Questions of statutory construction are presented. The statutes which are involved are as follows: Section 2156, Comp Laws 1913: "The county treasurer shall be the receiver and collector of all taxes extended upon the tax lists of the county, whether levied for state, county, city, town, school, poor, bridge, road or other purposes, notwithstanding anything in the charter of any city, or town, or in any other act heretofore passed to the contrary, including the special taxes of local improvements in cities as provided for by law. . . ."

Section 2183, Comp Laws 1913: "Each county is responsible to the state for the full amount of tax levied for state purposes, excepting such amounts as are certified to be unavailable, double or erroneous assessments as hereinafter provided. If any county treasurer proves to be a defaulter to any amount of state revenue, such amount shall be made up to the state within the next three coming years by additional levies in such manner in annual amounts as the board of commissioners may

direct. In such case the county can have recourse to the official bond of the treasurer for indemnity."

Section 3255, Comp Laws 1913: "The state auditor shall immediately after receiving the statement provided for in the preceding section draw and deliver to the state treasurer an order on each county treasurer for the amount so certified as collected for the state, and charge the state treasurer with the same, giving the county credit for the amount and sending to the county auditor of each county a duplicate of such order or draft."

Section 3256, Comp Laws 1913: "The state treasurer shall notify each county treasurer of the amount of such draft or order and designate the manner in which the money shall be forwarded to him, and upon receipt of the same shall forward such draft or order to the county treasurer with his endorsement, and such draft or order shall be the county treasurer's receipt for the amount stated. All funds collected by or in the hands of the treasurer of any county in this state shall be promptly remitted by such county treasurer without expense to the state, and at the risk of the county treasurer, for which the county treasurer shall be allowed his actual expenses by the board of county commissioners."

Section 326, Comp Laws 1913, as amended by chapter 229 Laws of North Dakota 1931: "The lessee of any land mentioned in this article or his executors, administrators, or assigns shall pay to the county treasurer of the county in which such lands lie any and all amounts that may become due from time to time upon such leases. . . . All moneys received by each county treasurer under the provisions of this article shall at all times be held by him subject to the order and direction of the state treasurer and the Board of University and School Lands, and on the first day of each month or within fifteen days thereafter, the county treasurer of each county shall make report to the Commissioner of University and School Lands of all moneys so collected by him during the next preceding calendar month. . . ."

Section 714a3, 1925 Supplement to Comp Laws 1913: "All funds of public corporations, and all funds of the state and of state institutions, as defined herein, shall be deposited in the Bank of North Dakota or in banks which have been duly designated as depositories of public funds as provided in this act. The treasurer of public corporations and

the state of North Dakota and all persons by law charged with the custody of public funds, which, according to the provisions of this act, shall be deposited in depositories duly designated as provided herein, shall promptly upon receipt of such funds deposit the same in a duly designated depository in compliance with this act. Checks or drafts on funds deposited as herein provided shall be drawn by the legal custodian thereof in his official capacity only; and no checks or drafts on such deposits shall be paid or honored by such depository unless so drawn. Any person violating the provisions of this section shall be guilty of a misdemeanor, and shall, in addition thereto, be 'liable to the public corporation, the state, and any state institution, in a civil action for all damages caused or suffered thereby."

Section 714a17, 1925 Supplement to Comp Laws 1913: "To the extent that public funds are deposited as herein provided, the legal custodian thereof, and the sureties on his bond, shall be exempt from all liability thereof by reason of loss of any such funds from failure or other act of any such depository."

Plaintiff asserts that, conceding the allegations of the answer to be true, the defendant is nevertheless liable for the amounts sued for upon three principal grounds: 1. That the county treasurer acted as the agent of the county in receiving taxes due the state. 2. That when the county treasurer deposited tax money belonging to the state in a public depository, a relationship of debtor and creditor was created both as between the county and the state and as between the depositary and the county and that the failure of the depositary to make good its indebtedness to the county could not absolve the county from paying its indebtedness to the state. 3. That § 2183, supra, makes the county an insurer of all state taxes collected.

We have already had occasion, in the case of Fargo v. Cass County, 35 ND 372, 160 NW 76, to construe § 2156, supra, and determine the capacity in which a county treasurer acts when he collects and receives taxes other than those belonging to the county. In that case city taxes were involved and we held that a county treasurer, in collecting taxes for a city, acts, neither as the agent of the county nor of the city, but only as the person designated by law to collect for the city. It clearly follows that when a county treasurer collects state taxes, he acts merely as the person designated to make the collection and not as an agent of

either state or county. If we had any doubt as to the effect of this decision it would be completely allayed by the fact that in the opinion, Judge Goss quoted with approval from the decision in First Nat. Bank v. Saratoga County, 106 NY 488–495, 13 NE 439–441, as follows: "We are of the opinion that the moneys due the state were payable by the treasurer of the county, not as its officer or agent, but as an individual designated by his official name for the performance of specific duties." In collecting school land rentals for the state under the provisions of § 326, supra, a county treasurer performs a duty which is essentially the same as his duty to collect state taxes. These sums are received and held by him subject to the order of state officers. At no time are such funds subject to county control and in collecting them a county treasurer does not act as the agent of the county. The defendant, Grand Forks County, therefore cannot be required to answer for state funds collected by its treasurer upon any theory of agency.

The next question for consideration is, did the depositing of money which belonged to the state in a depository of public funds create a relationship of debtor and creditor between the county and the state? We think not. Plaintiff's contention in this regard is evidently based upon the assumption that the state funds were deposited in the name of the county and not in the name of the county treasurer. There is no sound basis for such an assumption. Neither the complaint nor the answer make any allegation that the funds were so deposited. The county treasurer collected the money as an individual in his official capacity and the clear implication of the applicable statutes is such funds should be deposited in his own name as county treasurer. Section 326, supra, provides: "All moneys received by each county treasurer under the provisions of this article shall at all times be held by him subject to the order and direction of the State Treasurer and the Board of University and School Lands." Under the provisions of §§ 3255 and 3256, supra, state taxes collected by a county treasurer are paid out not upon the order of the county commissioners or the warrant of the county auditor but directly upon the order of the state auditor. Thus control of state funds collected by a county treasurer is specifically withheld from the officers charged with ordering the disbursement of county funds. It is therefore clear that the legislature intended that such funds should not be mingled with or become a part

of county funds. It is alleged in defendant's answer merely that the state funds were collected by the county treasurer and deposited in a designated depository for public funds. At most the pleading is indefinite. It certainly does not justify an inference that the county treasurer deposited state funds in a manner not contemplated by statute.

What we have said thus far disposes of the demurrer to the answer to plaintiff's second cause of action. In so far as that cause is concerned the demurrer was properly overruled. There remains for consideration plaintiff's contention that the county was by statute made an insurer of all state taxes collected by the county treasurer. The language of § 2183, supra, upon which the plaintiff relies, "Each county is responsible to the state for the full amount of the tax levied for state purposes." The argument is that this language makes the counties unconditionally liable for all state taxes collected by their respective treasurers. Ordinarily the word responsible connotes a conditional rather than unconditional liability. It is a word which is commonly used to describe the relationship of executors, guardians and other trustees to property which has been placed in their charge. Trustees are responsible for trust property but they cannot be made liable for any loss or depreciation of the fund intrusted to them so long as they "keep themselves strictly within the line of duty, and exercise reasonable prudence, care and diligence." 65 CJ 819. The Century Dictionary comments upon the use of this word, as follows: "With regard to the legal use of the word, two conceptions are often confused—namely, that of a potential condition of being bound to respond or answer in case a wrong should occur and that of the actual condition of being bound to respond because a wrong has occurred. For the first of these *responsible* is properly used, and for the second *liable*." Webster's New Int. Dict. 2d ed defines responsible as "Liable to respond; likely to be called upon to answer; accountable; amenable." In Thomas v. Mahan, 4 Me 513, the court said: "The expression 'holden to account for' means, not merely 'to render an account of,' but 'to be responsible for;' it stands in opposition to the right of appropriation to one's own use and benefit."

Giving to the word "responsible" its ordinary meaning, we think that § 2183, supra, imposes a condition of potential liability or account-

ability upon counties for state taxes and that a county's duty to account may be met by showing that the county officers have adhered strictly to the statutory directions of the state legislature and have acted with honesty, prudence and diligence. In this case it is alleged in the answer that the proceeds of state tax collections were lost through the failure of an officially designated public depository. The county treasurer was, by § 714a3, supra, required to deposit all public funds which came into his hands in such depository under penalty of a misdemeanor. By the provisions of § 714a17, supra, he was exempted from all liability for losses arising from the failure of such a depository. We are of the opinion, therefore, that the county's answer alleges a sufficient accounting of the state taxes collected and that the demurrer was properly overruled. The order of the trial court is affirmed.

BURR, Ch. J., and NUESSLE, MORRIS, and CHRISTIANSON, JJ., concur.