[File No. 6870.]

THE STATE OF NORTH DAKOTA EX REL. ALVIN C. STRUTZ, Attorney General, Respondent, v. BERT NELSON, as Treasurer of Griggs County, a Municipal Corporation in the State of North Dakota, Appellant.

(7 NW(2d) 735.)

Opinion filed January 26, 1943.

*M. W. Duffy,* State's Attorney, for appellant.

*Alvin C. Strutz,* Attorney General, and *P. O. Sathre,* Assistant Attorney General, for respondent.

NUESSLE, J. This proceeding in mandamus was brought by the state on the relation of the attorney general to compel the defendant Bert Nelson to pay to the state treasurer certain state taxes collected by Nelson as treasurer of Griggs county.

There is no dispute as to the facts. Griggs county is one of the organized counties within the state of North Dakota. The defendant Bert Nelson is the treasurer of said county. As such, during the month of March, 1942, in the performance of the duty imposed upon him by the statute (Comp. Laws 1913, § 2156), he collected taxes in the sum of $21,521.46 belonging to the state of North Dakota and as required by the statute (Comp. Laws 1913, § 3254) he furnished a statement, certified by the county auditor of Griggs county, to the state auditor that he had made such collections. Thereafter, Berta E. Baker, the state auditor, pursuant to the statute (Comp. Laws 1913, § 3255) drew a draft upon the defendant as treasurer of Griggs county for the amount of said taxes so certified and delivered the same to the state treasurer who notified the defendant thereof (Comp. Laws 1913, § 3256.) Thereafter the defendant as county treasurer remitted to the state treasurer the sum of $17,843.48 on account of the taxes so certified as above set out and for which draft had been drawn on him by

the state auditor, but failed and refused to remit the sum of $3,677.98, the difference between the amount remitted by him and the amount collected during the month of March, 1942, as certified to the state auditor. He retained the last-mentioned sum at the direction of the county commissioners of Griggs county because of a claim by that county that the state of North Dakota had been overpaid that amount through error and mistake by the several treasurers of said county during the six years last prior thereto and, therefore, the state of North Dakota was owing such amount to Griggs county.

Section 2190, Comp. Laws 1913, provides that all penalties and interest on delinquent taxes (with certain exceptions not here material) collected by the treasurers of the several counties shall become and be the property of the counties wherein they are collected. And it appears that during the six-year period in question through error and mistake as to the provisions of this law the county treasurers of Griggs county had remitted the penalty and interest on delinquent taxes belonging to the state collected by them to the state treasurer in the sum of $3,677.98, which said sum was received and retained by the state treasurer. Upon discovery of the error and mistake whereby the penalties and interest in question had been remitted to the state treasurer, the board of county commissioners of Griggs county passed the following resolution: "Whereas for many years last past this county has through mistake paid to the State of North Dakota penalties and interest collected on the state's share of the general property tax and the amount of penalty and interest thus erroneously paid during the last six years is in the sum of $3,677.98, the County Auditor and the County Treasurer are hereby drected to deduct said sum of $3,677.98 from any future remittances of such general property tax and to remit only the amount actually due the state."

It was pursuant to this resolution that the defendant Nelson failed and refused to remit the moneys which the state now seeks to have him pay in this proceeding.

The case came to trial before the district court of Griggs county. After a consideration of the facts the court ordered judgment awarding the writ as applied for by the plaintiff. Judgment was entered accordingly. Whereupon the defendant perfected the instant appeal.

On this appeal the defendant contends, as he did in the district court, that since the county has paid to the state through error and mistake moneys to which the state was not entitled, there is an implied contract on the part of the state to repay such moneys and therefore suit may be brought by the county to recover the same. Accordingly, defendant contends that in an action brought by the state to recover taxes collected by him and due to the state—and that, in effect, the present proceeding is such—the county is entitled to a setoff and credit in the amount of the overpayments made to the state. On the other hand, plaintiff contends that though the county may be entitled to recover the moneys from the state it can do so only after presentation of the claim to the proper state authority and refusal to allow the same and that if and when a judgment for the amount of such claim is recovered by the county it can be paid only through legislative appropriation.

Thus it appears that the only question to be determined in this case is as to the right of the defendant Nelson to retain out of the tax moneys collected as above set out for and on account of the state and belonging to the state the amount of the payments of penalty and interest mistakenly paid to the state.

The rights and duties of the state, the counties and the county treasurers with respect to tax moneys belonging to the state collected by the treasurers were considered and determined in the case of State v. Grand Forks County, 71 ND 355, 300 NW 827. There the state brought an action to recover from Grand Forks county taxes claimed by the state to have been collected by the treasurer of Grand Forks county and for which no payment to the state had been made. In its answer to the complaint of the state the defendant county admitted the collection by the county treasurer of the sum set forth in the plaintiff's complaint and alleged that the collection had been made and the proceeds had been deposited in a depository duly designated and bonded. Further, that such depository had been closed by executive order of the President of the United States on March 4, 1933, and thereafter had gone into receivership without reopening for business; that as a result of the closing the amount of such collections which still remained unpaid had become unavailable and under the provisions of § 2183, Comp. Laws 1913, the liability of the county treasurer had

ended. Defendant further alleged that the county treasurer had made such collection as an agent of the state and demanded judgment for dismissal of the action. On appeal to this court from an order overruling a demurrer to defendant's answer, we held that the answer set forth a good defense and that the demurrer was properly overruled, holding that a county treasurer in collecting taxes for the state does not act as the agent of the county but as an individual, designated by his official name to collect for the state and that taxes thus collected by him are held subject to the orders of the state officers authorized to receive the same. We there said: "The next question for consideration is, did the depositing of money which belonged to the state in a depository of public funds create a relationship of debtor and creditor between the county and the state? We think not. Plaintiff's contention in this regard is evidently based upon the assumption that the state funds were deposited in the name of the county and not in the name of the county treasurer. There is no sound basis for such an assumption. Neither the complaint nor the answer make any allegation that the funds were so deposited. The county treasurer collected the money as an individual in his official capacity and the clear implication of the applicable statutes is such funds should be deposited in his own name as county treasurer. . . . Under the provisions of §§ 3255 and 3256, supra, state taxes collected by a county treasurer are paid out not upon the order of the county commissioners or the warrant of the county auditor but directly upon the order of the state auditor. Thus control of state funds collected by a county treasurer is specifically withheld from the officers charged with ordering the disbursement of county funds. It is therefore clear that the legislature intended that such funds should not be mingled with or become a part of county funds. . . ."

Pursuant to § 186 of the Constitution of the state of North Dakota, as amended by Article 53 of Amendments (see Session Laws 1939, page 497) all public moneys belonging to the state (with certain exceptions not here material) must be paid to the state treasurer and cannot be disbursed except pursuant to legislative appropriation and on warrant drawn upon the state treasurer. In Campbell v. Towner County, 71 ND 616, 3 NW (2d) 822, we held that uncollected taxes due the

state are public moneys subject to the same requirements with respect to their receipt and disbursement as moneys already paid into the state treasury and therefore can not be disposed of except as provided by § 186 of the Constitution. See also Ford Motor Co. v. Baker, 71 ND 298, 300 NW 435; Langer v. State, 69 ND 129, 284 NW 238.

In the instant case we have a situation where the county commissioners of Griggs county are directing the county treasurer of that county to withhold moneys belonging to the state and collected and held by him not as an agent of the county but by legislative mandate for the state, to satisfy a claim had by the county against the state. It must be remembered this proceeding is not brought against the county. The county is not a party to it. It is brought against Bert Nelson as treasurer of Griggs county. The funds directed by the county commissioners to be withheld were never a part of the funds of Griggs county. They were never in the possession of Griggs county. They were in the treasurer's possession—funds collected and held by him for the state. Rosedale School Dist. v. Towner County, 56 ND 41, 216 NW 212. The county commissioners never had any power to use or dispose of such funds or to direct their disposition. In this connection, see also Aplin v. Van Tassel, 73 Mich 28, 40 NW 847. At all times from the moment that they became due as taxes such funds were subject to the requirements, so far as disbursement was concerned, of the provisions of § 186, Constitution of North Dakota. The foregoing being true, it must follow that the county commissioners had no power to direct the treasurer to withhold funds thus belonging to the state and apply them in satisfaction of any claim the county might have against the state; nor had the treasurer any right to do so. The treasurer's duty is fixed by the statute. Its mandate is clear. He cannot disregard it. The judgment awarding the writ was therefore right. See § 8457, Comp. Laws 1913. Accordingly it must be and it is affirmed.

MORRIS, Ch. J., and BURR, BURKE, and CHRISTIANSON, JJ., concur.