STATE of North Dakota ex rel. LeRoy C. WALKER, Petitioner,

v.

Arthur A. LINK, Governor, et al., Respondents.

Civ. No. 9133.

Supreme Court of North Dakota.

July 15, 1975.

Rehearing Denied Aug. 15, 1975.

Vance K. Hill, Bismarck, for petitioner.

Allen I. Olson, Atty. Gen., and Gerald W. Vande Walle, First Asst. Atty. Gen., Bismarck, for respondents.

PER CURIAM.

## CASE SUMMARY

Walker petitioned this court, asking that we assume original jurisdiction as allowed by § 87 of the North Dakota Constitution, alleging that the Emergency Commission has (1) exceeded its jurisdiction under Chapter 54–16, N.D.C.C., (2) violated § 25 of the North Dakota Constitution by interfering with the referral process and usurpation of legislative powers, and (3) violated § 186 of the North Dakota Constitution.

We issued a Writ of Certiorari, directing the respondents to certify and transmit to this court a complete record of the proceedings required to be kept by Chapter 54–16, N.D.C.C., concerning a transfer of funds made to the University of North Dakota on June 25, 1975, and to make a return on or before July 8, 1975, at 10:00 a. m. The matter was heard upon oral argument at a special term on July 10, 1975.

The writ is quashed and the proceedings are dismissed.

## FACTS

The parties, in the petition and return, agree to the following:

1. "The first five named respondents are now, and at the time complained of, duly qualified and acting members of the Emergency Commission established by Chapter 54–16 of the North Dakota Century Code and the sixth and last named respondent was and is now the director of the Department of Accounts and Purchases."

2. "On June 24, 1975, sufficient petitions were filed with the Secretary of State to refer the appropriation of the University of North Dakota budget for the biennium beginning July 1, 1975, in accordance with Section 25 of the North Dakota Constitution."

3. "On June 25, 1975, the Emergency Commission approved a motion to authorize withdrawal of funds directly from the State Treasury for the operation of the Universi-

ty of North Dakota until such time as the questions raised by the referral are resolved. It was a condition of approval of the motion that spending by the University be in accordance with their budget as approved by the past legislature in the amount of $29.33 million dollars for the biennium. The Commission also recommended to the governor that he dispose of the referral question prior to September 1, 1975."

4. "The Attorney General was asked to secure such a writ and he declined."

The petitioner alleges and the respondents deny that:

1. "Such action (authorizing fund withdrawal) is (1) in excess of the authority or jurisdiction granted the Emergency Commission under Chapter 54–16 of the North Dakota Century Code (2) a violation of Section 25 of the North Dakota Constitution by interfering with the referral process and a usurpation of legislative powers and (3) a violation of Section 186 of the North Dakota Constitution by authorizing funds to be spent out of the State Treasury without first being appropriated by the legislature."

2. "Petitioner is a party beneficially interested and has no other adequate remedy so as to prevent a violation of the statutes and Constitution of North Dakota."

Petitioner has asked that this court "issue its judgment annulling the granting and transfer of such funds and grant such other relief as justice may require."

## ISSUES

1. Is petitioner the party beneficially interested and entitled to bring this action invoking the original jurisdiction of this court?

2. Did the Emergency Commission exceed its jurisdiction under Chapter 54–16, N.D.C.C.?

3. Did the Emergency Commission violate § 25 of the North Dakota Constitution by interfering with the referral process and a usurpation of legislative powers?

4. Did the Emergency Commission violates § 186 of the North Dakota Constitution by authorizing funds to be spent out of the State Treasury without first being appropriated by the Legislature?

## DECISION

### I.

■ Is petitioner the party beneficially interested? Additionally, respondents say that petitioner does not indicate how the continued operation of the University of North Dakota will adversely affect the sovereignty and prerogatives of the State and the liberties of its people.

The original jurisdiction of this court is described in § 87 of the North Dakota Constitution and has been construed to be properly exercised to review, on certiorari, whether a State official has acted within his authority. See *State v. Frazier*, 47 N.D. 314, 182 N.W. 545 (1921) where we reviewed the jurisdictional act of the governor in removing a commissioner of the Workmen's Compensation Bureau; and *State v. Welford*, 65 N.D. 522, 260 N.W. 593 (1935), where we reviewed the jurisdictional act of the governor in removing the highway commissioner.

We believe that every citizen and taxpayer of this State is "beneficially interested" in the decision of this court in the instant case, within the scope of the requirement in § 32–33–02, N.D.C.C., that the application for a writ of certiorari "must be made on affidavit by the party beneficially interested." See *Nelson v. Ecklund*, 68 N.D. 724, 283 N.W. 273 (1938), wherein we said, at 275:

"It is not necessary for the applicant to show that the decision sought to be reviewed enhanced his rights, increased his property, or was productive of good to him. One is beneficially interested in a proceeding if one has a special right in the matter involved so that the decision affects it even adversely for one has a right to have the right protected."

Respondents argue, inconsistently on the one hand, that the lack of funds to operate the University of North Dakota pending the outcome of the referral election, constitutes an "extremity" and, on the other hand, they question whether the continued or discontinued operation of the University of North Dakota will adversely affect the sovereignty and prerogatives of the State. We interpret petitioner's argument to be likewise inconsistent in reverse thereof.

For the purpose of determining whether we will exercise our discretion to hear and determine, pursuant to § 87 of the North Dakota Constitution, the questions raised by petitioner's application, we hold that the sovereignty and prerogatives of the State are involved and that petitioner is a proper party to raise these questions.

### II.

Although petitioner raised the issues identified hereinbefore as issues 2, 3 and 4, we conclude that there is a more significant issue which, when disposed of, will make it unnecessary for this court to consider such issues as petitioner raises.

The overriding issue is whether a referral petition filed with the Secretary of State suspends a legislative appropriation to fund a constitutionally mandated function.

■ We said at syllabus 5 of *Egbert v. City of Dunseith*, 74 N.D. 1, 24 N.W.2d 907 (1946):

"Generally speaking principles of construction applicable to statutes are also applicable to Constitutions."

With that as our basic guideline, we then determine the rules applicable when two constitutional provisions are incompatible.

■ ▪ *State v. Loucks*, 209 N.W.2d 772, 777 (N.D.1973), holds:

"It is a general rule of statutory construction that where provisions of two statutes are in conflict * * * the one enacted last prevails if the two cannot be harmonized."

We applied this rule in *State v. Sathre*, 113 N.W.2d 679, 683 (N.D.1962), where we said:

> "Section 35 is the latest expression of the will of the people with respect to matters embraced therein and prevails over all pre-existing inconsistent constitutional provisions."

*First American Bank & Trust Company v. Ellwein*, 198 N.W.2d 84, 98 (N.D.1972), holds:

> "That special statutes in case of an irreconcilable conflict prevail over general provisions of law and constitute a special exception thereto."

See also, *State v. Loucks, supra; Brusegaard v. Schroeder*, 201 N.W.2d 899, 905 (N.D.1972).

Article 54 of the Amendments to the North Dakota Constitution mandates that the State Board of Higher Education administer "the State University and School of Mines, at Grand Forks, with their substations."

It mandates that the Legislature shall provide "adequate funds" and that the State Board of Higher Education "shall have the control of the expenditure of the funds belonging to, and allocated to such institutions and also those appropriated by the legislature, for the institutions of higher education in this State."

Petitioner concedes that this is correct so there is no need to quote the pertinent provisions nor to discuss them.

Section 25 of the North Dakota Constitution authorizes the referral of any measure or part thereof, and, except for an emergency measure, the filing of a referendum petition suspends the operation of the measure or the part thereof referred.

The appropriation for the operation of the University of North Dakota was not an emergency measure.

To the extent that they apply to this case, we find that § 25 and Article 54 of the Amendments are in conflict and cannot be harmonized.

■ The constitutional mandate for suspension of the measure referred in this case, as provided in § 25, predates the constitutional mandate requiring the funding of the operation of the University of North Dakota, as provided in Article 54. Applying the rule that the latest enactment prevails, we hold that Article 54 prevails over § 25 insofar as they are in conflict.

■ We would arrive at the same conclusion were we to apply the rule that special provisions prevail over general provisions when there is an irreconcilable conflict. The referral provisions in § 25 are general in nature and must yield to the special provision in Article 54 mandating the funding of the University of North Dakota.

Although § 186 of the North Dakota Constitution is not mentioned therein, the holding of this court in *State v. Baker*, 65 N.D. 190, 262 N.W. 183 (1934), concluded that a failure to provide funds by appropriation (as was then and is now required by § 186) would not defeat the performance of a constitutionally mandated function.

We have twice held that appropriations may be made by the Constitution, and may be self-executing. *Langer v. State*, 69 N.D. 129, 284 N.W. 238 (1939), relating to claims against state insurance funds, and *Ford Motor Co. v. Baker*, 71 N.D. 298, 300 N.W. 435 (1941), relating to payment of income tax refunds.

In *State v. Hall*, 44 N.D. 459, 171 N.W. 213 (1919), we held that a constitutional requirement of publication of notices of election was self-executing without action or appropriation by the Legislature.

■ Neither the Legislature nor the people can, without a constitutional amendment, refuse to fund a constitutionally mandated function.

The State Board of Higher Education, the Director of the Department of Accounts and Purchases, and the Emergency Com-

mission all acted pursuant to an Attorney General's opinion. During oral argument the Attorney General indicated that he had second thoughts about the validity of the opinion in the light of *State v. Baker, supra.*

The writ is quashed and the proceedings are dismissed. Because a public question is involved, neither party shall be awarded costs.

VOGEL, Acting C. J., PEDERSEN, J., and ALFRED A. THOMPSON, EUGENE A. BURDICK and ROY A. ILLVEDSON, District Judges, concur.

ERICKSTAD, C. J., and Paulson and SAND, deeming themselves disqualified, did not participate.